```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
JOSE RAMON PENA-ROSARIO,                 :
                        Petitioner,      :
                                         :      07 Civ. 1830 (DLC)
            -v-                          :
                                         :         MEMORANDUM
UNITED STATES OF AMERICA,                :       OPINION & ORDER
                        Respondent.      :
                                         :
-----------------------------------------X
```

Appearances:

Pro se Petitioner:
Jose Pena-Rosario
#52180-054
FCI Estill
P.O. Box 699
Estill, South Carolina 29918

For the United States of America:
Sarah Y. Lai
Assistant United States Attorney
Southern District of New York
1 St. Andrew's Plaza
New York, New York 10007

DENISE COTE, District Judge:

By Opinion dated December 10, 2007 (the "December 2007 Opinion"), the habeas petition filed on February 8, 2007 by Jose Pena-Rosario ("Pena") was denied with the following exception: The parties were given the opportunity to make further submissions on Pena's claim that his trial counsel, Roy Kulcsar ("Kulcsar"), failed to file a notice of appeal. A submission was received from Kulcsar; no submission was received from Pena

1

or the Government. For the following reasons, Pena's claim that his attorney was ineffective for failing to file a notice of appeal upon request is denied, and Pena's habeas petition is dismissed in its entirety.

BACKGROUND

The December 10 Opinion is hereby incorporated by reference. That Opinion rejected Pena's challenges to his conviction on the ground that Kulcsar did not provide effective assistance to him with respect to (1) the negotiation of and advice regarding the plea agreement's waiver of the right to appeal; (2) a violation of the Speedy Trial Act; (3) litigating the quantity of narcotics distributed; and (4) the failure to obtain a cooperation agreement, a non-guidelines sentence, or an adjustment under the safety valve provision of the law, 18 U.S.C. § 3553(f).

As to Pena's claim that Kulcsar had been ineffective by failing to file a notice of appeal despite Pena's request that he do so, the Opinion recognized that, "[t]his claim, if true, would constitute ineffective assistance of counsel," and that "Pena's waiver of his rights under 28 U.S.C. § 2255 does not bar such a claim." December 2007 Opinion, 2007 WL 4358465, at *4 (S.D.N.Y. Dec. 10, 2007). The Opinion found, however, that it was "impossible to determine conclusively from Pena's petition whether he sought to have a notice of appeal filed." Id.

Accordingly, by Order dated December 10, 2007, further submissions were solicited from Kulcsar, Pena, and the Government.

In an affirmation dated January 7, 2008, Kulcsar stated that, to the best of his knowledge and belief, he "never discussed with Jose Pena-Rosario the filing of a notice of appeal." He further represented that, because Pena required the assistance of an interpreter, Kulcsar asked his paralegal "who translated when I met with Pena-Rosario whether she might recall Pena-Rosario asking me to file [a] notice of appeal. She did not." "After considerable reflection," Kulcsar wrote, "it is my recollection and belief that Jose Pena-Rosario did not ask me to file a notice of appeal." In a cover letter accompanying his affirmation, Kulcsar stated that he had served Pena with the document. Pena did not respond to Kulcsar's affirmation despite being given six weeks to do so.

DISCUSSION

As the December 2007 Opinion recognized, the Second Circuit has made clear that counsel's failure to file a notice of appeal upon a defendant's request constitutes ineffective assistance. See Fernandez v. United States, 146 F.3d 148, 149 (2d Cir. 1998) (per curiam). In order to succeed on such a claim, a defendant need not show that he explicitly directed his attorney to file an appeal. Rather, he can show that there are non-frivolous

3

grounds for appeal that would give "a rational defendant" reasons to want to appeal, or he "reasonably demonstrated to counsel" his desire to appeal.  Sarroca v. United States, 250 F.3d 785, 787 (2d Cir. 2001) (citation omitted).  Pena has failed to meet either standard.

Pena has not succeeded in identifying any non-frivolous issues that would have warranted an appeal.  See December 2007 Opinion, 2007 WL 4358465, at **3-6.  This is unsurprising because his conviction rested on a plea of guilty and he was sentenced at the bottom of the guidelines range to which he had stipulated in his plea agreement.

Pena has also failed to show that he reasonably demonstrated to Kulcsar a desire to appeal.  In his habeas petition, Pena claimed simply that "when counsel was told to file the notice of appeal, he readily agreed to do so, but failed."  He offered no details about when, where, or under what circumstances he asked his attorney to file a notice of appeal.  Because Pena failed to make any further submission on this claim, despite the Court's invitation that he do so, the allegations contained in his habeas petition constitute the only evidence in support of his ineffective assistance claim.  These allegations are substantially rebutted by Kulcsar's affirmation,

which includes more detailed claims concerning the interactions between Kulcsar and Pena.[1]

The December 10, 2007 Order requesting submissions from Kulcsar, Pena, and the Government provided a schedule whereby Pena was given an opportunity to respond to any claims made by Kulcsar's submission. Pena did not avail himself of this opportunity. There is accordingly no basis -- other than the conclusory statements contained in the habeas petition -- on which to find that Pena requested that Kulcsar file a notice of appeal on his behalf. Further, it should be borne in mind that Pena pleaded guilty to the offense charged. The Supreme Court has made clear that, in evaluating claims of ineffective assistance predicated on counsel's alleged failure to file a notice of appeal, "a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). Moreover, the plea was entered pursuant to a plea agreement in which Pena waived his right to appeal any sentence of imprisonment less than 294

---

[1] The Court would have benefited from an explanation by Kulcsar of his normal practices with regard to filing notices of appeal when his clients request that he do so.

5

months. At sentence he was both advised of his right to appeal and reminded that he had largely given up that right through entry of the plea and the plea agreement. In these circumstances, the paucity of evidence supporting Pena's naked claim that he requested that Kulcsar file a notice of appeal supports a finding that Kulcsar did not provide ineffective assistance by not filing a notice of appeal.

CONCLUSION

For the foregoing reasons, Pena's ineffective assistance of counsel claim based on his attorney's alleged failure to file a notice of appeal is denied. No certificate of appealability shall issue as to any claim. Pena has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted as to any claim. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). Moreover, any appeal from this order or from the December 2007 Opinion would not be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962). All the claims in Pena's habeas petition having been denied, the Clerk of Court shall dismiss the petition.

SO ORDERED:

Dated: New York, New York
March 20, 2008

DENISE COTE
United States District Judge

Copies sent to:

Jose Pena-Rosario  
#52180-054  
FCI Estill  
P.O. Box 699  
Estill, South Carolina 29918

Sarah Y. Lai  
Assistant United States Attorney  
Southern District of New York  
1 St. Andrew's Plaza  
New York, New York 10007

Roy R. Kulcsar  
27 Union Square West  
New York, New York 10003